UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDMUNDO CALTENCO,

                Plaintiff,

   -against-

G.H. FOOD INC. d/b/a NATURAL GARDEN,
and GURDIP SINGH, an individual,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

**Jury Trial Demanded**

Plaintiff, EDMUNDO CALTENCO ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against G.H. FOOD INC. d/b/a NATURAL GARDEN, and GURDIP SINGH, an individual, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (iv) the spread-of-hours provisions of the NYCCRR tit. 12, § 142-2.18; N.Y. Lab. Law § 652; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants, a grocery store and its owner and day-to-day overseer, from January 9, 2009 to December 29, 2015. As is relevant to this lawsuit, for the six-year period pre-dating the commencement of this action, Defendants required Plaintiff to work, and Plaintiff did work, seventy-two hours each week, but Defendants did not pay Plaintiff for his hours worked over forty at any rate of pay, and thus not at the rate of one and one-half times his regular rate of pay.

3. Additionally, from January 1, 2014 to in or around June 2014, and then again from January 1, 2015 to December 29, 2015, Defendants paid Plaintiff at an effective rate that fell below or equaled the New York minimum wage rate required to be paid for every hour worked, and although Plaintiff's shift always exceeded ten hours per day, Defendants did not pay Plaintiff an extra hour of pay at the minimum wage rate for each day during this period.

4. Finally, Defendants failed to provide Plaintiff with proper, accurate wage statements on each payday as the NYLL requires.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times, Defendant G.H. Food Inc. was a New York corporation with its principal place of business located at 750 Manhattan Avenue, Brooklyn, New York 11222, and that is registered with the New York State Department of State to receive service at this same address.

9. At all relevant times, Defendant Gurdip Singh was the owner and Chief Executive Officer of G.H. Foods Inc.

10. At all relevant times, Defendants were "employers" within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, Defendant G.H. Food Inc.'s qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they routinely used, sold, and purchased goods, food, and other materials in the regular course of business, much of which originated in states other than New York, accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

11. Defendants operate a grocery store under the name "Natural Garden," located at 750 Manhattan Avenue, Brooklyn, New York.

12. Defendant Gurdip Singh is the owner and Chief Executive Officer of Defendant G.H. Food Inc. and in that capacity, at all relevant times, made all decisions on behalf of the business with respect to hiring and firing of employees, disciplining employees, and the setting

of employee pay rates, hours worked, job duties, and the issuance of wage statements and pay stubs to all employees, including Plaintiff.

13.     From on or around January 9, 2009 to on or around December 29, 2015, Plaintiff worked in Defendants' grocery store, Natural Garden, as a general store worker.

14.     In his capacity as a general store worker, Plaintiff's job duties mainly consisted of lifting and moving boxes, stocking shelves, running errands, picking up supplies, landscaping, and performing maintenance work.

15.     Throughout each week of his employment with Defendants during the six-year period pre-dating the filing of this action, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, in twelve hour shifts each day, without taking scheduled or uninterrupted breaks. Accordingly, Plaintiff worked seventy-two hours during each week of his employment with Defendants during the six-year period per-dating the filing of this lawsuit.

16.     From in or about March 2010 through in or about June 2014, Defendants paid Plaintiff $530 per week for the first forty hours that he worked each week, amounting to an hourly rate of $13.25. From in or about July 2014 to December 29, 2015, Defendants paid Plaintiff $630 per week for the first forty hours that he worked each week, which amounts to an hourly rate of $15.75.

17.     From in or about March 2010 to December 29, 2015, Defendants failed to pay Plaintiff at any rate of pay for those hours that Plaintiff worked each week in excess of forty.

18.     From January 1, 2014 through in or about June 2014, Defendants paid Plaintiff at an effective pay rate of less than the $8.00 per hour New York minimum wage required for each hour worked.

19. From January 1, 2015 through December 29, 2015, Defendants paid Plaintiff at an effective pay rate equal to the $8.75 per hour New York minimum wage required for each hour worked.

20. From January 1, 2014 through in or about June 2014, and again from January 1, 2015 through December 29, 2015, even though Plaintiff's shift exceeded ten hours on each day when he worked, Defendants did not compensate Plaintiff with an extra of pay at the minimum wage rate on each workday.

21. Defendants paid Plaintiff on a weekly basis in cash.

22. On each payday, Defendants failed to furnish Plaintiff with any statement that reflected, *inter alia*, the amount of hours that he worked each week, his regular rate of pay, or his overtime rate of pay for each hour worked over forty, let alone a statement that accurately reflected that information.

23. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

24. Every hour that Plaintiff worked was for Defendants' benefit.

25. The Defendants' actions, as described above, were taken in willful defiance of the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

28. Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

29. Plaintiff worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

30. Defendants willfully violated the FLSA.

31. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

32. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCCRR*

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. NYLL § 160 and 12 NYCCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

35. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

36. Plaintiff worked in excess of forty hours each week, yet Defendants failed to compensate him in accordance with the NYLL's and the NYCCRR's overtime provisions.

37. Defendants willfully violated the NYLL and the NYCCRR.

38. Plaintiff is entitled to his overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

39. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the NYLL and NYCCRR*

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. NYLL § 652(1) and the executing provisions of NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

42. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

43. As also described above, the Defendants did not compensate Plaintiff at the minimum hourly rate for each hour worked from the period of January 1, 2014 through in or about June 2014.

44. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

45. At the least, Plaintiff is entitled to payment at the minimum wage for every hour that he worked for the Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

46. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Spread-of-Hours Violations of the NYCCRR and NYLL*

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYCCRR tit. 12, § 142-2.4(a) and N.Y. Lab. Law § 652 require employers to compensate their employees earning at or below the effective minimum wage rate with an additional one hour's pay at the minimum hourly wage rate for any day in which the spread of hours exceeds ten hours.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

50. As also described above, for all days that Plaintiff worked a spread-of-hours in excess of ten hours from January 1, 2014 through June 2014, and again from January 1, 2015 through December 29, 2015, the Defendants failed to compensate Plaintiff with an additional hour's pay at the minimum wage rate.

51. The Defendants' actions were in willful violation of the NYCCRR and NYLL.

52. Plaintiff is entitled spread-of-hours pay for all days worked during those time periods..

53. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYCCRR's and NYLL's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

56. Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

57. As described above, Defendants failed to furnish Plaintiff with any wage statements, let alone accurate ones, on each payday.

58. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

59. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

60. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and any and all persons acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

  d. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

  e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  f. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  g. Pre-judgment and post-judgment interest, as provided by law; and

  h. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: April 7, 2016
   Great Neck, New York

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            1010 Northern Boulevard, Suite 328
            Great Neck, New York 11021
            Tel. (516) 248-5550
            Fax. (516) 248-6027

            */s/ Melanie Lazarus*
            MELANIE J. LAZARUS, ESQ. (ML 1007)
            ALEXANDER T. COLEMAN, ESQ. (AC 8151)
            MICHAEL J. BORRELLI, ESQ. (MB 8533)