19-3601-cv
*Caltenco v. G.H. Food, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
          BARRINGTON D. PARKER,
          MICHAEL H. PARK,
                    *Circuit Judges.*

---

EDMUNDO CALTENCO,

      *Plaintiff-Appellant*,                              19-3601-cv

      v.

G.H. FOOD INC., DBA NATURAL GARDEN, and
GURDIP SINGH RANGHWA,

      *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Caitlin Duffy, Borelli & Associates, P.L.L.C., New York, NY.

**FOR DEFENDANTS-APPELLEES:**         Joseph M. Labuda, Milman Labuda Law Group PLLC, Lake Success, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Vera M. Scanlon, *Magistrate Judge*).

CERTIFIED COPY ISSUED ON 10/08/2020

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Plaintiff Edmundo Caltenco ("Caltenco") sued Defendants G.H. Food Inc. (aka "Natural Garden") and Gurdip Singh Randhawa ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and seeking to recover, *inter alia*, unpaid overtime and minimum wages. Following a three-day bench trial, the District Court concluded that Natural Garden and Singh had committed multiple FLSA and NYLL violations, including overtime violations under both laws, as well as minimum wage, spread-of-hours, and wage statement violations under the NYLL. In light of these violations, the District Court awarded Caltenco $7,749.79 in damages plus interest, a figure based in part on unpaid wages and overtime for the year 2015, and a week in 2010 and a week in 2014. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Caltenco argues that the District Court erred as a matter of law by failing to calculate his damages according to the weekly wage standard set forth in § 778.113 of the regulations. But the District Court found that Caltenco was paid hourly, not weekly. Per the District Court's findings, Caltenco was paid a "weekly salary" which "generally closely tracked the New York minimum wage" and which "covered" Caltenco's 62-hour workweek. *Caltenco v. G.H. Food Inc.*, No. 1:16-cv-01705-VMS, 2019 WL 4784065 at *8 (E.D.N.Y. Sept. 30, 2019). The Court found further that "Plaintiff's hourly rate began as $7.50 for his regular hours, and $11.25 for his overtime hours rounded up to $550." *Id.* The District Court also found that Defendants tracked employees' hours by recording each employee's arrival and departure time on a daily basis, and then, at the end of the week, "enter[ing] the names, hours and days into a composition notebook to calculate the employees' pay." *Id.* at *6. The District Court credited these records as being "accurate records of Plaintiff's hours worked and wages paid." *Id.*

When reviewing a judgment of the district court following a bench trial, we review findings of fact for clear error and conclusions of law de novo. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008). Here, the District Court did not clearly err in finding that Caltenco was paid hourly. Therefore, contrary to Caltenco's assertion, neither 29 C.F.R. § 778.113, nor 29 C.F.R. § 778.325 applies. Under those regulations, a wage is considered a "weekly salary" if "the employee is employed *solely* on a weekly salary basis." 29 C.F.R. § 778.113 (emphasis added). That is, independent of hours worked in the week.

That said, Caltenco is right that the District Court calculated his damages incorrectly—but for different reasons. In at least two instances—the week of August 8, 2010 and the week of April 20, 2014—the District Court erred in its calculation of Caltenco's regular rate of pay.

When calculating damages in wage-and-hours cases, the starting point is the employee's "regular rate" of pay, *see* 29 C.F.R. § 778.108, which is the hourly rate when "the employee is employed on the basis of a single hourly rate." 29 C.F.R. § 778.110(a); *see also* 12 N.Y.C.R.R. § 142-2.16 ("The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work." (emphasis in original)). The "regular rate" is important for calculating damages, including overtime pay, which is one and a half times the "regular rate." *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2; 12 N.Y.C.R.R. § 146-1.4. The regular rate "is not an arbitrary label chosen by the parties; it is an actual fact. Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25 (1945).

For the week of August 8, 2010, the District Court purported to calculate Plaintiff's regular rate "[b]ased upon his negotiated hourly rates of $7.50 per regular hour and $11.25 per overtime hour." *Caltenco*, 2019 WL 4784065, at *12. However, this is inconsistent with the District Court's finding that "Plaintiff's hourly rate began as $7.50 for his regular hours, and $11.25 for his overtime hours *rounded up to $550*" for his usual 62-hour week. *Id.* at *8 (emphasis added). Because the regular rate is an actual fact, the District Court clearly erred when it failed to include the "round up" to $550 when making its calculations. *See Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 597 (2d Cir. 2007) (citing *Walling*, 325 U.S. at 424–25); 29 C.F.R. § 778.108 (same). Similarly, for the week of April 10, 2014, the District Court should have calculated Caltenco's actual regular rate based on his then-weekly wage of $600.

Finally, Caltenco argues that the District Court's entered judgment did not properly calculate or reflect prejudgment interest. On this point, he is correct. Here, the District Court ordered Defendants "to pay Plaintiff a total damages award of $7,749.49.79, which includes $973.24 in unpaid wages, $414.75 in unpaid spread-of-hours premiums, $1,361.80 in liquidated damages, and $5,000.00 in statutory damages for violating the wage statement provision of the NYLL, *plus* pre-judgment interest under the NYLL calculated at $0.31 per day from July 2, 2015, $0.01 per day from August 9, 2010, and, $0.02 per day from April 20, 2014, until the date judgment is entered." *Caltenco*, 2019 WL 4784065, at *15 (emphasis added). Meanwhile, the Clerk of Court entered judgment in the "amount of [s]even thousand, seven hundred forty-nine and 89/100 dollars ($7,749.79), which *includes* prejudgment interest at the rate of 9.00% plus post judgment interest at a rate of 1.59% per annum, along with costs." Joint App'x 1794 (emphasis added). Accordingly, we vacate and remand the October 30, 2019 judgment of the District Court with instructions to re-enter judgment including prejudgment interest.

## CONCLUSION

We have reviewed all of the Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 30, 2019 judgment of the District

Court, except to the extent that we **VACATE** and **REMAND** the judgment of the District Court with instructions to recalculate Caltenco's "regular rate" of pay and to re-enter judgment including prejudgment interest.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*/s/ Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*/s/ Catherine O'Hagan Wolfe*

4