UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
EDMUNDO CALTENCO,                              :
                                               :
                        Plaintiff,             :
                                               :              **MEMORANDUM AND ORDER**
        -against-                              :
                                               :              16 Civ. 1705 (VMS)
G.H. FOOD INC., d/b/a NATURAL GARDEN,          :
and GURDIP SINGH,                              :
                                               :
                        Defendants.            :
--------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Plaintiff Edmundo Caltenco's ("Plaintiff") motion seeking attorneys'

fees and costs from Defendants G.H. Food Inc., doing business as Natural Garden, and Gurdip

Singh (hereinafter "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and the

New York Labor Law ("NYLL"). 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), (1-d). For

the reasons that follow, the Court grants in part and denies in part Plaintiff's motion for

attorneys' fees and costs. The Court awards Plaintiff $113,225.88 in attorneys' fees and

$10,869.34 in costs.

**I.     BACKGROUND**

    **a.  Factual Background And Procedural History**

Plaintiff commenced this action against Defendants on April 7, 2016, alleging that

Defendants willfully violated (1) FLSA overtime provisions; (2) NYLL and NYCRR unpaid

overtime provisions; (3) NYLL and NYCRR minimum-wage provisions; (4) NYLL and NYCRR

spread-of-hours provisions; and (5) NYLL's requirement to furnish proper wage statements. See

ECF No. 1. Defendants filed an Answer on June 13, 2016, denying all the substantive

allegations in Plaintiff's complaint. ECF No. 12. Thereafter, the parties engaged in discovery,

which included written discovery and four depositions, and engaged in motion practice related to the discovery.  See ECF Nos. 32-33, 36, 41-42; ECF No. 93 ¶ 3.  The parties certified that discovery was complete on May 1, 2018.  ECF No. 48.

On June 7, 2018, the parties filed their joint proposed pretrial order.  On September 12, 2018, Plaintiff filed a motion in limine to preclude Mr. Rajan Moorjani from testifying at trial, ECF Nos. 57-58, and Defendants opposed on September 18, 2018, ECF No. 61.  Plaintiff deposed Mr. Moorjani on September 21, 2018.  ECF No. 93 ¶ 5.  Defendants requested leave to amend the joint pre-trial Order to add a trial witness, Mr. Arora Paul, ECF No. 62, and Plaintiff opposed, ECF No. 64.  Thereafter, the Court denied Plaintiff's motion in limine and granted Defendants' motion to amend the joint pre-trial Order.  Order dated 9/21/2018.  On September 24, 2018, Plaintiff deposed Mr. Paul with the assistance of a translator.  ECF No. 93 ¶ 5.  Plaintiff filed an unopposed motion for attorneys' fees and costs associated with these depositions on December 7, 2018, see ECF No. 71, which the Court denied without prejudice to refile by including these costs in Plaintiff's overall motion for attorneys' fees and costs.  Caltenco v. G.H. Food Inc. ("Caltenco I"), No. 16 Civ. 1705 (VMS), 2019 WL 4784065, at *15 (E.D.N.Y. Sept. 30, 2019).

On September 25-27, 2018, the Court held a three-day bench trial.  See Dkt. Entries dated 9/25/2018 – 9/27/2018.  On December 7, 2018, Plaintiff filed his proposed findings of fact and conclusions of law.  ECF No. 72.  Defendants filed their proposed findings of fact and conclusions of law on April 5, 2019.  ECF No. 78.  In the Court's September 30, 2019, Memorandum and Order, the Court concluded that Defendants had committed multiple FLSA and NYLL violations, including overtime violations under both laws, as well as minimum-wage, spread-of-hours, and wage-statement violations under the NYLL.  Caltenco I, 2019 WL

4784065, at *15.  While Plaintiff's post-trial briefing sought a total of $442,100.52 in damages

plus interest, see ECF No. 72 at 30, the Court awarded Plaintiff $7,749.79 in damages plus

interest.  Caltenco I, 2019 WL 4784065, at *15.  Judgment was entered on October 30, 2019.

ECF No. 84.

On October 30, 2019, Plaintiff filed a notice of appeal of the Court's judgment.  ECF No.

83.  Plaintiff raised the following issues on appeal: (i) whether the District Court erred as a

matter of law when after finding factually that Defendants paid Plaintiff a weekly salary, it then

failed to calculate Plaintiff's regular rate by dividing Plaintiff's weekly salary by the number of

hours the District Court found that Plaintiff worked each week; and (ii) whether the District

Court erred by not including pre-judgment interest in the judgment it entered.  Caltenco v. G.H.

Food Inc., No. 19-3601, ECF No. 33 at 1-2 (2d Cir. Feb. 2, 2020).

The Court of Appeals issued a Summary Order on October 8, 2020, affirming in part and

vacating and remanding in part the Court's judgment.  Caltenco v. G.H. Food Inc. ("Caltenco

II"), 824 Fed. App'x 88, 88 (2d Cir. 2020).  The Court of Appeals rejected Plaintiff's argument

that the Court erred as a matter of law by failing to calculate Plaintiff's damages according to the

weekly wage standard set forth in § 778.113 of the regulations, citing to the Court's factual

findings that Plaintiff was paid an hourly wage.  Id. at 89.  The Court of Appeals did find,

however, that the Court calculated Plaintiff's damages incorrectly for a reason not raised by

Plaintiff relating to the correct calculation of Plaintiff's regular rate of pay.  Id. at 89-90.  The

Court of Appeals also found that the judgment entered did not properly calculate or reflect

prejudgment interest.  Id. at 90.  The Court of Appeals further found that Plaintiff's remaining

arguments raised on appeal were without merit, and it affirmed the judgment except to vacate

and remand the judgment with instructions to recalculate Plaintiff's regular rate of pay including

the round ups and re-enter judgment including prejudgment interest.  Id. at 90.  After entry of

mandate from the Court of Appeals, see ECF No. 96, the Court held a hearing with the parties on

the issue of damages and requested supplemental submissions regarding the damage calculations.

See Dkt. Entry 12/3/2020; ECF Nos. 98, 104.  The Court's damages recalculation reduces

Plaintiff's damage award to a total of $7,682.20 plus interest.  ECF No. 111.

      Plaintiff filed the instant motion for attorneys' fees and costs, along with Defendants'

opposition brief and Plaintiff's reply brief, on March 13, 2020.  ECF Nos. 90-94.  After

consultation with the parties, the Court administratively closed the motion during the pendency

of Plaintiff's appeal.  See Dkt. Entry 7/7/2020.  After entry of mandate from the Court of

Appeals, see ECF No. 96, the parties submitted supplemental briefing on the motion for

attorneys' fees in 2021.  ECF Nos. 99, 105, 108.

### b.  Borrelli & Associates, P.L.L.C.

      Plaintiff offers the following uncontested information about its counsels' qualifications.

Borrelli & Associates, P.L.L.C. ("Borrelli & Associates") has experience in class-action and

collective-action lawsuits, having prosecuted over 1,000 cases in federal and state court, the

majority of which are on behalf of employees in wage-and-hour or discrimination-type cases.

ECF No. 93 at ¶ 35.

      Michael J. Borrelli ("Borrelli") is the founding and managing member of Borrelli &

Associates, which he incorporated in March 2006.  Id. ¶¶ 36, 40.  Borrelli received an

undergraduate degree in communications from Hofstra University in 1997, and he graduated

from St. John's University School of Law in 2001.  Id. ¶¶ 37-38.  He has practiced for over

eighteen years with a primary focus on the litigation of labor-and-employment-law cases.  Id. ¶

36.  He is a member of the bar of the State of New York and is also admitted to practice before

the United States Court of Appeals for the Second Circuit, as well as the United States District Courts for the Eastern, Southern and Northern Districts of New York.  Id.

Alexander T. Coleman ("Coleman") is a partner at Borrelli & Associates who has practiced at the firm since January 2010.  Id. ¶ 45.  Coleman received an undergraduate degree in communications from the University of Wisconsin-Madison in 2002 and graduated from American University, Washington College of Law, summa cum laude, in 2008.  Id.  He served as a law clerk to the Honorable Jane Marum Roush of the Fairfax County Circuit Court in Fairfax, Virginia.  Id. ¶ 46.  His caseload at the firm primarily includes wage-and-hour and employment-discrimination cases.  Id. ¶ 47.  He is a member of the bar of the State of New York and the Commonwealth of Virginia, and is also admitted to practice before the United States Court of Appeals for the Second Circuit, as well as the United States District Courts for the Eastern and Southern Districts of New York.  Id. ¶ 45.

Caitlin Duffy ("Duffy") is a senior associate at Borrelli & Associates who has practiced at the firm since April 2017.  Id. ¶¶ 50-51.  Duffy received a Bachelor of Arts, magna cum laude, with departmental honors from Hunter College, The City University of New York, with a major in Political Science and a minor in Anthropology.  Id. ¶ 50.  She graduated from Brooklyn Law School in 2007.  Id.  Her caseload at the firm primarily includes wage-and-hour actions, discrimination-related litigation and other employment matters.  Id. ¶ 52.  Prior to joining the firm, Duffy worked at Squitieri & Fearon, LLP and Trief & Olk practicing complex class- and collective-action litigation.  Id. ¶ 51.  She is a member of the bar of the State of New York and the State of New Jersey, and is also admitted to practice before the United States Court of Appeals for the Second Circuit and Eleventh Circuit, as well as the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey.  Id. ¶ 50.

Danielle E. Meitus ("Meitus") is an associate at Borrelli & Associates who has practiced at the firm since February 2018.  Id. ¶ 55.  Meitus received an undergraduate degree in Political Science and Psychology with a minor in Criminal Justice from State University of New York at Albany in May 2013.  Id.  She graduated from Albany Law School in May 2016.  Id.  Prior to joining the firm, Meitus worked at Valli, Kane & Vagnini, LLP, a firm that specializes in plaintiff-side wage-and-hour and employment-discrimination matters.  Id.  She is a member of the bar of the State of New York and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.  Id.

Jeffery R. Maguire ("Maguire") was a Senior Counsel at Borrelli & Associates.  ECF No. 99-1 ¶ 6.  Maguire received an undergraduate degree in Computer Science with a minor in Government and International Relations from Clark University in 2004.  Id. ¶ 7.  He graduated from St. John's University School of Law in 2008.  Id.  His caseload at the firm primarily included wage-and-hour matters, and he served as lead counsel in several class actions.  Id. ¶¶ 8-9.  He is a member of the bar of the State of New York, and is also admitted to practice before the United States Court of Appeals for the Second Circuit, as well as the United States District Courts for the Eastern and Southern Districts of New York.  Id. ¶ 8.

Melanie Lazarus ("Lazarus") was an associate at Borrelli & Associates.  ECF No. 93 ¶ 58.  Lazarus graduated from St. John's University School of Law in 2012.  Id.  She is a member of the bar of the State of New York and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.  Id.

Shanshan S. Zheng ("Zheng") was an associate at Borrelli & Associates.  Id. ¶ 61.  Zheng graduated from The George Washington University School of Law in 2013.  Id.  Prior to joining the firm, she worked at Lee Litigation Group, PLLC practicing wage-and-hour class and

collective actions as well as consumer fraud litigation.  Id.  She is a member of the bar of the State of New York and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.  Id.

Louis M. Leon ("Leon") was an associate at Borrelli & Associates.  Id. ¶ 64.  Leon graduated from the Maurice A. Deane School of Law at Hofstra University in 2014.  Id.  Prior to joining the firm, he worked at Frank & Associates, P.C. practicing wage-and-hour litigation.  Id.  He is a member of the bar of the State of New York and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.  Id.

Caitlin McNaughton ("McNaughton") was an associate at Borrelli & Associates.  Id. ¶ 67.  McNaughton graduated from Ohio Northern University, Claude W. Pettit College of Law in 2013.  Id.  During her time at the firm, she handled multiple employment and administrative hearings, with other counsel, taking those cases to verdict.  Id.  She is a member of the bar of the State of New York and the State of New Jersey and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey.  Id.

Shawn Malone ("Malone") was an associate at Borrelli & Associates.  Id. ¶ 70.  Malone graduated from Tulane University School of Law in 1994.  Id.  Prior to joining the firm, he represented business owners and individuals in a variety of civil matters, including employment-law claims, business torts, unfair trade practices, technology-license disputes, mergers and acquisitions, and general contract law.  Id.  He also previously served as general counsel to an internet technology company that was purchased by a Fortune 500 Company.  Id.  Malone is a member of the bar of the State of New York and is also admitted to practice before the United

States District Courts for the Eastern and Northern Districts of New York and the Middle and Northern Districts of Florida.  Id.

David Barnhorn ("Barnhorn") was an associate at Borrelli & Associates.  Id. ¶ 73. Barnhorn graduated from the Maurice A. Deane School of Law at Hofstra University in 2012. Id.  Prior to joining the firm, he worked at a boutique labor-and-employment firm at which he focused almost exclusively on representing plaintiffs in employment disputes.  Id.  He is a member of the bar of the State of New York and the State of New Jersey and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey.  Id.

Janine L. Knapp ("Knapp") was an associate at Borrelli & Associates.  Id. ¶ 76.  Knapp graduated from the Maurice A. Deane School of Law at Hofstra University in 2015.  Id. ¶ 77. Prior to joining the firm, she worked at a boutique labor-and-employment law firm where she represented both employers and employees in discrimination and wage-and-hour matters.  Id. She is a member of the bar of the State of New York and is also admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.  Id.

Haleigh R. Amant ("Amant") was a law clerk at Borrelli & Associates.  Id. ¶ 80.  Amant graduated from George Washington University School of Law in 2017 and worked at the firm as a law clerk pending her admission to the bar.  Id.

Catherine R. Angel, Danielle N. Brown, Luiggi Tapia and Pablo E. Martinez are all current or former staff members of Borrelli & Associates who assisted with the paralegal and clerical duties associated with this lawsuit.  Id. ¶ 82.  All of them are bilingual.  Id.  They also possessed paralegal certifications during the time they worked on this lawsuit.  Id. ¶ 83.

II.     **ANALYSIS**

   a.  **Entitlement To Attorneys' Fees**

Both the FLSA and the NYLL provide for the recovery of reasonable attorneys' fees by successful plaintiffs.  See 29 U.S.C. §216(b); N.Y. Lab. Law §§198(1-a), (1-d). The statutes similarly allow prevailing plaintiffs to recover costs from defendants.  See 29 U.S.C. §216(b); N.Y. Lab. Law §663(1).  A plaintiff is the prevailing party "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quotation & citation omitted).  The "most critical factor" in determining fee awards is "the degree of success obtained" by the prevailing party.  Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quotations & citation omitted).  "Both the quantity and the quality of the relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved."  Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quotations & citation omitted).  Here, Plaintiff prevailed on basic liability and securing an award of compensatory and statutory damages based on violations of the FLSA and NYLL.  As this Court noted in its Memorandum and Order, Plaintiff's fee application "must take into account the limited degree of success obtained."  Caltenco I, 2019 WL 4784065, at *15.

Plaintiff requests a total of $174,363.38 in attorneys' fees and $10,869.34 in costs.  ECF No. 99 at 5.  This accounts for approximately 748 hours of attorney and paralegal time, inclusive of an off-the-top reduction of over 129 hours that Plaintiff's counsel deemed duplicative, excessive, attributable to attorney turnover or work undertaken for counsel's convenience.  ECF No. 91 at 11-15; ECF No. 93 ¶¶ 27-29; ECF No. 99 at 3-4; ECF No. 99-1 ¶¶ 2, 4-5.  The final total of attorneys' fees requested by Plaintiff above also includes a 25% reduction to work

performed up through the issuance of the Court's Memorandum and Order to account for the limited degree of success obtained.  ECF No. 91 at 13; ECF No. 99 at 4-5.  Defendants argue there should be no fee award at all, or in the alternative, that the fee award should be reduced by at least 85% on a variety of grounds, which would yield a proposed award of approximately $26,000.00 in attorney's fees plus the $10,869.34 in costs.  See ECF No. 92 at 15-23; ECF No. 105 at 2-7.  Although a reduction in the fee award is merited, the award should be higher than that proposed by Defendants, as discussed below.

### b. The Lodestar Analysis

When determining an award of attorneys' fees, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quotations omitted) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).  The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  Perdue v. Kenny A. ex rel. Winn., 559 U.S. 542, 551 (2010).  "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'"  Id. at 553 (quotation & citation omitted); see Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 184, 190-91.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits."  Polk v. New York State Dep't of Corr. Servs.,

722 F.2d 23, 25 (2d Cir. 1983) (citation omitted).  "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).  This Circuit requires contemporaneous billing records for each attorney.  See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011).

The Court must also determine the reasonableness of the hours expended in the course of the litigation.  "The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." Custodio v. Am. Chain Link & Constr., Inc., No. 08 Civ. 7148 (GBD) (HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (further citations omitted)).  When reviewing an application for attorneys' fees, the Court should exclude "excessive, redundant, or otherwise unnecessary" hours.  See Hensley, 461 U.S. at 434.  "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting N.Y. Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)).

### i. Reasonable Hourly Rate

As this is an FLSA case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes." Nam v. Ichiba Inc., No. 19 Civ. 1222 (KAM), 2021 WL 878743, at *10 (E.D.N.Y. Mar. 9, 2021) (quotation omitted) (quoting Martinez v. New 168 Supermarket LLC, No. 19 Civ. 4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), aff'd, 612 Fed. App'x 54 (2d Cir. 2015)).  "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners,

11

$200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." Id. (collecting cases); accord Lopez v. 1923 Sneaker, Inc., No. 18 Civ. 3828 (WFK) (RER), 2021 WL 1845057, at *9 (E.D.N.Y. Mar. 5, 2021), R&R adopted, 2021 WL 1259623 (Apr. 6, 2021); Rodriguez v. Yayo Rest. Corp., No. 18 Civ. 4310 (FB) (PK), 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), R&R adopted, 2019 WL 4468054 (Sept. 18, 2019).

Here, Plaintiff requests the following hourly rates for their attorneys and paralegals:

| Timekeeper | Requested Rate |
| --- | --- |
| Borrelli | $400.00 |
| Coleman | $350.00 |
| Duffy | $295.00 |
| Maguire | $295.00 |
| Barnhorn | $250.00 |
| Malone | $250.00 |
| McNaughton | $250.00 |
| Knapp | $200.00 |
| Lazarus | $200.00 |
| Leon | $200.00 |
| Meitus | $200.00 |
| Zheng | $200.00 |
| Amant | $125.00 |
| Angel | $90.00 |
| Brown | $90.00 |
| Martinez | $90.00 |
| Tapia | $90.00 |

ECF No. 93 ¶ 27; ECF No. 99-1 ¶ 11.

Defendants argue that Plaintiff's counsels' hourly rates are unreasonable, specifically that: (i) Borelli and Coleman's hourly rates should be reduced to no greater than $325.00 and $300.00, respectively, because this case involved straightforward wage-and-hour claims without complex or novel questions of law, see ECF No. 92 at 12; (ii) Duffy's hourly rate should be reduced to $175.00 for the same reason and because the court in Singh v. A & A Mkt. Plaza, Inc., No. 15 Civ. 7396 (AKT), 2019 WL 4861882, at *9 (E.D.N.Y. Sept. 30, 2019), awarded the

12

"managing associates" hourly rates of $150.00 and $160.00, see ECF No. 92 at 12; and (iii) the junior associates' rates of between $250.00 to $200.00 should be reduced to $150.00 to $100.00 for their lack of litigation experience, see id. at 12-13.

 The Court disagrees with the proposed reductions to Borelli, Coleman and Duffy's hourly rates. Borelli is a managing partner with over 18 years of experience in litigation of labor and employment law cases. ECF No. 93 ¶ 36. Coleman is a partner with over 12 years of legal experience, and Duffy is a senior associate with roughly the same amount of legal experience. Id. ¶¶ 45-46, 50-51. In light of each attorney's experience, and as discussed supra, these rates are commensurate with awards in this District. See, e.g., Tejada v. La Selecta Bakery, Inc., No. 17 Civ. 5882 (ERK) (RER), 2020 WL 7249393, at *5 (E.D.N.Y. Sept. 23, 2020) (awarding Borrelli an hourly rate of $400.00 and awarding an hourly rate of $350.00 to Coleman), R&R adopted, 2020 WL 6937882 (Nov. 25, 2020); Rodriguez, 2019 WL 4482032, at *9 (awarding hourly rate of $325.00 for senior associate with fewer years of legal experience than Duffy).

 The Court also disagrees with the proposed reductions to many other associates and junior associates' rates, finding that the requested hourly rate of $250.00 for Barnhorn, Malone and McNaughton, and the requested hourly rate of $200.00 for Knapp, Leon, Meitus and Zheng are reasonable. See, e.g., Luk v. ABNS NY Inc., No. 18 Civ. 5170 (AMD), 2021 WL 829417, at *5-6 (E.D.N.Y. Feb. 9, 2021) (awarding $250.00 per hour for associates with four to five years' experience and $200.00 per hour to associates with two years or less experience), R&R adopted sub nom., Ying Ying Dai v. ABNS NY Inc., 2021 WL 826014 (E.D.N.Y. Mar. 3, 2021); Thompson v. Park, No. 18 Civ. 0006 (AMD) (ST), 2020 WL 5822455, at *12 (E.D.N.Y. Sept. 1, 2020) (reducing to $200.00 the hourly rate of an associate who had been with the firm for five years), R&R adopted, 2020 WL 5820547 (Sept. 30, 2020); Tejada, 2020 WL 7249393, at *5

13

(awarding Barnhorn an hourly rate of $250.00 and awarding an hourly rate of $200.00 for a junior associate); Miranda v. Astoria Provisions, LLC, No. 19 Civ. 2923 (EK) (PK), 2020 WL 6370058, at *10 (E.D.N.Y. July 24, 2020) (awarding hourly rate of $200.00 for a sixth-year associate in a "straightforward" FLSA default case), R&R adopted, 2020 WL 5810160 (Sept. 30, 2020).  The Court, however, agrees a reduction is warranted for Lazarus given the lack of documented experience with wage-and-hour or employment cases.  ECF No. 93 ¶¶ 58-60.  The Court reduces Lazarus's hourly rate to $150.00.

As such, the Court will apply the revised hourly rates for Plaintiff's attorneys and paralegals as follows:

| Timekeeper | Requested Rate |
|---|---|
| Borrelli | $400.00 |
| Coleman | $350.00 |
| Duffy | $295.00 |
| Maguire | $295.00 |
| Barnhorn | $250.00 |
| Malone | $250.00 |
| McNaughton | $250.00 |
| Knapp | $200.00 |
| Lazarus | $150.00 |
| Leon | $200.00 |
| Meitus | $200.00 |
| Zheng | $200.00 |
| Amant | $125.00 |
| Angel | $90.00 |
| Brown | $90.00 |
| Martinez | $90.00 |
| Tapia | $90.00 |

### ii.  Reasonable Hours Expended

As previewed supra, Plaintiff has reduced his fee application by over 129 hours for excessive or redundant billing, plus an additional 25% reduction on work prior to the Court's Memorandum and Order to account for Plaintiff's degree of success, but Defendants argue Plaintiff should receive either no attorneys' fees at all or that the Court should apply at least an

85% reduction overall.  Defendants also raise a number of other specific arguments as to why hours should be cut from Plaintiff's attorneys' fees application.  The Court addresses each in turn.

### 1.  Degree of Success

#### a.  Hours Billed Through The Court's Memorandum And Order

Plaintiff's complaint alleged violations of (1) FLSA overtime provisions; (2) NYLL and NYCRR unpaid overtime provisions; (3) NYLL and NYCRR minimum wage provisions; (4) NYLL and NYCRR spread-of-hours provisions; and (5) NYLL's requirement to furnish proper wage statements.  See ECF No. 1.  After a three-day bench trial, the Court found Defendants had committed multiple FLSA and NYLL violations, including overtime violations under both laws, as well as minimum-wage, spread-of-hours, and wage-statement violations under the NYLL. Caltenco I, 2019 WL 4784065, at *15.  Plaintiff, therefore, prevailed with respect to liability on all claims asserted in his complaint.  Where Plaintiff fell short is the award of damages as compared to the amount of damages he sought at trial.

Plaintiff's post-trial briefing sought a total of $442,100.52 in damages plus interest.  See ECF No. 72 at 30.  Although largely undiscussed but for a footnote in Plaintiff's proposed findings of fact and conclusions of law, see id. at 29 n.18, Plaintiff also presented alternative damages calculations under three different theories, which totaled $70,834.23, $93,527.11 and $311,320.48, respectively.  See ECF No. 72-5.  The Court awarded $7,749.79 in damages plus interest, Caltenco I, 2019 WL 4784065, at *15, which has since been reduced to $7,682.20 plus interest following instruction to recalculate damages from the Court of Appeals.  ECF No. 111. Thus, Plaintiff received either 1.7%, 2.5%, 8.2% or 10.8% of his damages sought, depending on the theory of damages.

The Court agrees with Plaintiff that a 25% reduction to his fees application is appropriate, although the Court applies this percentage to work done through the time of the Court's Memorandum and Order plus the hours on Plaintiff's instant motion for attorneys' fees and costs.  A 25% reduction is commensurate with other fee reductions in this District, especially given the large discrepancy between the damages Plaintiff sought versus what the Court awarded.  See, e.g., Sanchez v. I&A Rest. Corp., No. 14 Civ. 726 (DF), 2017 WL 2537814, at *5-6 (S.D.N.Y. May 22, 2017) (15% reduction appropriate where plaintiff awarded 4.3% of damages sought but where court found work performed on successful claims substantially overlapped with claims on which plaintiff did not succeed); Song v. 47 Old Country, Inc., No. 09 Civ. 5566, 2015 WL 10641286, at *1, *6 (E.D.N.Y. Oct. 1, 2015) (10% reduction appropriate for unopposed motion for attorneys' fees and costs to account for unsuccessful discrimination claims), R&R adopted, 2016 WL 1425811 (Mar. 26, 2016); Cruz v. Space NY 50th St. LLC, No. 17 Civ. 4936 (JLC), 2019 WL 4061492, at *6 (S.D.N.Y. Aug. 28, 2019) (20% reduction for plaintiff who went to trial on claims and only won less than 5% of damages sought).

Defendants do not argue that any particular work performed by Plaintiff's counsel up through issuance of the Court's Memorandum and Order was unnecessary.  Defendants argue generally that this case is analogous to Sanchez v. First Class Home Improvement, LLC, No. 16 Civ. 2064 (DRH) (ARL), 2019 WL 4593484 (E.D.N.Y. Sept. 23, 2019), in which the District Court found a 35% reduction appropriate, which the Court of Appeals then increased to a 50% reduction plus added an additional reduction, Sanchez v. Oceanside First Class Roofing, Inc., 818 Fed. App'x 106, 108 (2d Cir. 2020).  In Sanchez, the plaintiff lost on liability on his unpaid wage claims and only prevailed on his wage-statement claims.  2019 WL 4593484, at *1. Although the District Court found work performed on the successful claims was intertwined with

16

the plaintiff's unsuccessful claims, the fee application was reduced by 35% to account for the fact the plaintiff only received 5% of his requested damages and because the court found that the plaintiff "concocted" evidence at trial and that the plaintiff "deliberately proferr[ed] false information."  Id. at *4-5, *7.  The Court of Appeals increased the reduction to 50% for lack of success, disagreeing that the work for unpaid wage claims and work for wage-statement claims overlapped thus justifying a further reduction for work on unsuccessful claims, then applied an additional 35% reduction for false testimony.  Sanchez, 818 Fed. App'x at 108.  In contrast, Plaintiff prevailed on liability on all his claims.  Although this Court found other witnesses' testimony generally more credible than Plaintiff's testimony and found that Plaintiff often exaggerated or overstated his job description, see Caltenco I, 2019 WL 4784065, at *2, it stopped short of ascribing improper motives to Plaintiff, see id. at *6.  Sanchez is thus not analogous here.

Defendants also point to Pugh v. Meric, No. 18 Civ. 3556 (DLC), 2019 WL 3936748 (S.D.N.Y. Aug. 20, 2019), in which the court reduced the plaintiff's fee award by approximately 85% "[p]rimarily because of the limited success he achieved in his litigation," where (i) the plaintiff was only awarded $92.50 in unpaid overtime compensation after trial plus mandatory statutory damages, (ii) the plaintiff lost on liability on some of his claims, (iii) the court declined to award the plaintiff statutory damages for NYLL notice violations, finding it caused the plaintiff minimal or no prejudice, and (iv) the court found a majority of the fees requested— which in total was only for 16.4 hours of work—was mostly for work on which the plaintiff did not prevail, or was of "limited relevance" or "tenuous[ly] connect[ed]" to the minimal success he achieved.  Id. at *3-4.  Pugh is also not analogous here.  The Court accepts Plaintiff's proposed 25% reduction to his fees application with respect to work done through the time of the Court's

17

Memorandum and Order, and applies it to the hours on Plaintiff's instant motion for attorneys' fees and costs.

### b. Hours Billed On Appeal And Supplemental Briefing On Damages

The appropriate reduction for the fees Plaintiff seeks with respect to his appeal of this Court's Memorandum and Order and briefing on damage recalculations requires a different analysis. Plaintiff raised the following issues on appeal: (i) whether the District Court erred as a matter of law when after finding factually that Defendants paid Plaintiff a weekly salary, it then failed to calculate Plaintiff's regular rate by dividing Plaintiff's weekly salary by the number of hours the District Court found that Plaintiff worked each week; and (ii) whether the District Court erred by not including pre-judgment interest in the judgment it awarded Plaintiff. Caltenco v. G.H. Food Inc., No. 19-3601, ECF No. 33 at 1-2 (2d Cir. Feb. 2, 2020). The Court of Appeals agreed with Plaintiff that the judgment entered did not properly calculate or reflect prejudgment interest—an argument which accounted for approximately one full page of text in Plaintiff's 40-page appellate brief. Caltenco II, 824 Fed. App'x at 90; Caltenco v. G.H. Food Inc., No. 19-3601, ECF No. 33 at 12, 15, 39-40 (2d Cir. Feb. 2, 2020). But that is where Plaintiff's success on his appeal ends. The Court of Appeals disagreed with Plaintiff's theory for recalculating damages based on a weekly salary, Caltenco II, 824 Fed. App'x at 89, and it found Plaintiff's other arguments regarding recalculating his regular rate of pay and damages to be without merit, id. at 90.

For a reason wholly separate from Plaintiff's arguments, the Court of Appeals found the Court calculated Plaintiff's damages incorrectly with respect to his regular rate of pay. Id. at 89-90. After performing the recalculation pursuant to the Court of Appeals' instructions, this had the effect of reducing Plaintiff's total damages. See ECF No. 111. Given Plaintiff's very limited

success on appeal, the Court finds a 90% reduction appropriate for the time billed to Plaintiff's appeal and the time for work and court appearances related to the damages recalculations.  See Shanfa Li v. Chinatown Take-Out Inc., No. 16 Civ. 7787, 2020 WL 7647178, at *4-5 (S.D.N.Y. Dec. 23, 2020) (finding 70% reduction appropriate on total fees related to successful defense of cross-appeal and unsuccessful prosecution of direct appeal, taking into account vague billing entries and administrative tasks); Hines v. City of Albany, No. 06 Civ. 1517 (GTS) (RFT), 2017 U.S. Dist. LEXIS 222260, at *13, *18-19 (N.D.N.Y. Nov. 30, 2017) (declining to award fees related to a failed cross-appeal where "Plaintiffs' [appeal] was not an attempt to protect the Court's earlier decision, but rather to convince the Second Circuit to reverse portions of that decision that reduced Plaintiffs' fees").

As to Defendants' request for fees as sanctions with respect to Plaintiff's supplemental damages briefing, which is discussed more fully in the Court's Order dated September 30, 2021, ECF No. 111, the Court declines to impose sanctions.

## 2.  Reduction Requested For Unsuccessful Motions

Defendants argue that Plaintiff is not entitled to attorneys' fees on five purportedly unsuccessful motions, namely: (i) Plaintiff's motion for reconsideration, ECF No. 36; (ii) Plaintiff's motion for sanctions, ECF No. 41; (iii) Plaintiff's motion in limine, ECF No. 57; (iv) Plaintiff's motion for attorneys' fees, ECF No. 71; and (v) Plaintiff's motion for extension of time, ECF No. 82.  See ECF No. 92 at 15-16.  Plaintiff responds that his motion in limine with respect to Mr. Moorjani and his motion for attorneys' fees with respect to two depositions taken right before trial were not unsuccessful, and at any rate, unsuccessful legal efforts are compensable so long as they are not frivolous.  See ECF No. 94 at 7.

19

"[N]ot every loss suffered over the course of a lengthy litigation is cause for a reduction in attorneys' fees, particularly where the relevant application was reasonable when made." Siegel v. Bloomberg L.P., No. 13 Civ. 1351 (DF), 2016 WL 1211849, at *9 (S.D.N.Y. Mar. 22, 2016) (citing Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 538 (S.D.N.Y. 2008) ("[A] court should not disallow fees for every motion that a prevailing party did not win.  Reasonable paying clients may reject bills for time spent on entirely fruitless strategies while at the same time paying their lawyers for advancing plausible though ultimately unsuccessful arguments.")).  Moreover, the Second Circuit has directed that "[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.'"  Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citations omitted).  As the overall reductions discussed, supra, account for Plaintiff's modest success at trial and appeal, the Court declines to reduce Plaintiffs' fee application further for time spent on these motions.

### 3. Reduction Requested For Quality Of Work, Inefficient Time, Duplicative Work Or Administrative Tasks

Defendants argue for an additional 40% reduction to Plaintiff's fee application based on the nature and quality of counsels' work, stating that counsel included unreasonably vague billing entries, spent time inefficiently, performed duplicative work and billed for administrative tasks.  ECF No. 92 at 17.  Defendants do not cite to any specific time entries, but they argue the fact that eleven attorneys, four paralegals and one law clerk performed work at some point throughout the lifetime of this case ensures time billed was unnecessary and wasteful.  Id. Plaintiff responds that any such inefficiencies are already accounted for by shaving over 129 hours off the top of their fees' application, prior to additional reductions.  See ECF No. 94 at 7-8.

The Court has reviewed the billing records submitted and finds them generally reasonable in light of the 25% reduction, and it declines to reduce the time further on these grounds.

Defendants also argue that Plaintiff utilized experienced counsel to perform mundane tasks, such as "preparing motion papers for filing, preparing exhibits and exhibit tabs, making copies of documents, drafting a table of authorities, preparing envelopes and mail merges."  ECF No. 92 at 17.  Defendants do not cite to any specific time entries.  See id. at 17-18.  Plaintiff responds that attorneys did not spend time completing tasks such as drafting a table of authorities, and their billing entries show that a paralegal performed this kind of work.  ECF No. 94 at 8.  Plaintiff also notes that the limited time an attorney spent on a table of authorities was to review paralegal work, which is compensable attorney time.  Id. at 8 & n.8.  The Court has reviewed the billing records submitted and finds the tasks were generally performed at the appropriate personnel level and declines to reduce the time further on this ground.

Defendants further argue that Plaintiff's fee application includes excessive hours.  ECF No. 92 at 22-23.  The only example Defendants cite in support of this claim is that three attorneys spent a combined 9.9 hours drafting, reviewing and revising the complaint prior to its filing.  Id. at 22.  Plaintiff responds that the total time was actually only 7 hours, and at any rate, this amount of time is reasonable.  ECF No. 94 at 10.  The Court agrees that 7 hours drafting and revising a complaint is reasonable and declines to reduce the time further on this ground.

### 4.   Reduction Requested For Block Billing

Defendants argue that Plaintiff's fee application should be reduced because it contains undetailed time entries and "block billing," which makes it difficult to determine how much time was spent on each task so as to evaluate the reasonableness of Plaintiff's application.  ECF No. 92 at 18.  Plaintiff points to examples where associates' only billing description is "trial prep" or

"trial preparations" as impermissible block billing.  Id. at 19.  Plaintiff responds that block billing is not prohibited in this Circuit, and at any rate, the Court can properly evaluate the limited examples to which Defendants point regarding preparation for trial given the Court's familiarity with the case.  ECF No. 94 at 8-9.  The Court has reviewed the billing records submitted and finds the tasks were generally sufficiently described and declines to reduce the time further on this ground.

### 5.   Reduction Requested For Motion For Attorneys' Fees And Costs

Plaintiff requests a total of 56.7 hours of fees for the instant motion, including the time spent on his supplemental fee application.  ECF No. 99 at 3-4.  Defendants argue that this amount of time is unreasonable, and furthermore, because Plaintiff allegedly copy and pasted from other work product, the amount of hours requested is excessive and disingenuous.  ECF No. 92 at 20-22.  Plaintiff's fee application included a 17-page opening memorandum, ECF No. 91; a 24-page declaration attaching four exhibits, ECF No. 93; an 11-page reply brief, ECF No. 94; a 5-page supplemental letter brief, ECF No. 99; a 5-page supplemental declaration attaching one exhibit, ECF No. 99-1; and a 7-page supplemental reply letter, ECF No. 108.  This submission also included over 150 pages of billing entries that had been reviewed for redactions.  See ECF Nos. 93-1, 99-2.  To put it in perspective, the amount of time requested for the briefing, preparing declarations and assembling exhibits represents two attorneys working full time for less than one week.  The Court finds the amount of time requested for the fee application to be reasonable.

### 6.   Total Award For Attorneys' Fees

Plaintiff requests fees for the following amounts of work: (i) approximately 494 hours for work performed up through the date the Court issued its 2019 Memorandum and Order,

including work on the depositions of Mr. Moorjani and Mr. Paul and Plaintiff's related motion for sanctions at ECF No. 71, for which Plaintiff requests $95,386.38 after applying a roughly 25% reduction to the gross amount of hours (approximately 659) and fees (approximately $126,834.00),[1] see ECF No. 91 at 1-2, 11-13; ECF No. 93 ¶¶ 27, 28; (ii) approximately 57 hours of work performed on the instant fees motion and supplemental fees briefing, for which Plaintiff requests $16,575.00, see ECF No. 91 at 14-15; ECF No. 93 ¶ 29; ECF No. 99 at 3-4; ECF No. 99-1 at ¶ 5; (iii) 177 hours for work on Plaintiff's appeal, for which Plaintiff requests $53,572.00, see ECF No. 99 at 3; ECF No. 99-1 ¶ 3; and (iv) 19.8 hours for work and court conferences related to the supplemental damages briefing, which totals $5,153.00, see ECF No. 99 at 4; ECF No. 99-1 ¶ 4.

As discussed supra, the Court only reduces the hourly rate for attorney Lazarus from $200.00 to $150.00. Lazarus's work on this matter consisted primarily of pre-litigation investigation into Plaintiff's claims as well as drafting and filing the complaint during the period of March 8, 2016, through May 30, 2016. ECF No. 93 ¶¶ 24, 59. As such, all of her time requested in the fee application is included in Plaintiff's chart at ECF No. 93 ¶ 27 detailing the 457.5 hours for work performed up through the date the Court issued its Memorandum and Order, excluding the work on Mr. Moorjani and Mr. Paul's depositions and Plaintiff's related motion for sanctions at ECF No. 71. The chart below recalculates the fees for Lazarus at her revised hourly rate to reach a gross amount of $114,479.50, which is $85,859.63 after applying

---

[1] The Court has added the amounts listed in the "HOURS BILLED" column of Plaintiff's chart at ECF No. 93 ¶ 27 and gets a total of 457.5 hours, though Plaintiff states the total is 459.7. Id. The Court has also added the amounts listed in the "TOTAL" column of Plaintiff's chart at ECF No. 93 ¶ 27 and gets a total of $115,049.50, though Plaintiff states the total is $115,098.50, and also lists $126,692.50 as the total in the chart itself. Id. The Court will use the numbers it computes based on the materials submitted by Plaintiff.

the 25% reduction.  The amount requested for the depositions and sanctions motion, $9,062.50,

remains the same.

| Timekeeper | Position | Hourly Rate | Hours Billed | Total |
|---|---|---|---|---|
| Michael J. Borrelli | Partner | $400.00 | 4.2 | $1,680.00 |
| Alexander T. Coleman | Partner | $350.00 | 25.5 | $8,925.00 |
| Caitlin Duffy | Senior Associate | $295.00 | 200.5 | $59,147.50 |
| Caitlin Duffy | Senior Associate | $147.50 (half-rate for travel time) | 3.0 | $442.50 |
| Caitlin McNaughton | Associate | $250.00 | 36.3 | $9,075.00 |
| Caitlin McNaughton | Associate | $125.00 (half-rate for travel time) | 2 | $250.00 |
| David Barnhorn | Associate | $250.00 | 5.5 | $1,375.00 |
| Louis M. Leon | Associate | $200.00 | 5.7 | $1,140.00 |
| Melanie Lazarus | Associate | $150.00 | 11.4 | $1,710.00 |
| Shanshan S. Zheng | Associate | $200.00 | 29.3 | $5,860.00 |
| Shanshan S. Zheng | Associate | $100.00 (half-rate for travel time) | 3.8 | $380.00 |
| Shawn Malone | Associate | $250.00 | 30.6 | $7,650.00 |
| Danielle E. Meitus | Associate | $200.00 | 65.8 | $13,160.00 |
| Danielle E. Meitus | Associate | $100.00 (half-rate for travel time) | 10 | $1,000.00 |
| Janine L. Knapp | Associate | $200.00 | 4.2 | $840.00 |
| Janine L. Knapp | Associate | $100.00 (half-rate for travel time) | 4 | $400.00 |
| Haleigh Amant | Law Clerk | $125.00 | 0.9 | $112.50 |
| Luiggi Tapia | Paralegal | $90.00 | 7.8 | $702.00 |
| Catherine A. Angel | Paralegal | $90.00 | 3 | $270.00 |
| Danielle N. Brown | Paralegal | $90.00 | 0.5 | $45.00 |
| Pablo Martinez | Paralegal | $90.00 | 3.5 | $315.00 |
| **Subtotal:** | **$114,479.50** | | | |

| | |
|---|---|
| **Total with 25% Reduction:** | **$85,859.63** |

As to the other amounts of fees requested above, the Court applies a 25% reduction to work on the instant fees motion and supplemental fees briefing. The Court applies a 90% reduction to work on Plaintiff's appeal and for work and court conferences related to the supplemental damages briefing. The chart below recalculates the fees for these categories of work with their respective reductions applied.

| Work Category | Amount Requested | Reduction Applied | Revised Amount Awarded |
|---|---|---|---|
| Motion for Attorneys' Fees and Supplemental Briefing | $16,575.00 | 25% | $12,431.25 |
| Appeal | $53,572.00 | 90% | $5,357.20 |
| Work and Court Conferences Related to Supplemental Damages Briefing | $5,153.00 | 90% | $515.30 |
| **Total Awarded** | | | **$18,303.75** |

The Court awards Plaintiff a total of $113,225.88 ($85,859.63 + $9,062.50 + $18,303.75) in attorneys' fees.

### c. Costs

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10 Civ. 3027 (JFB) (AKT), 2015 WL

1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quotation omitted) (quoting Pennacchio v. Powers, No. 05 Civ. 985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Plaintiff seeks $10,869.34 in costs.  ECF No. 93 ¶ 87; ECF No. 99 at 5.  These costs include charges for the court filing fee, trial transcripts and deposition transcripts, deposition and translator costs, travel reimbursement for trial and other court appearances, travel related to discovery, research charges, PACER charges, postage, mailing and printing costs.  ECF No. 93 ¶ 87.  Plaintiff has provided a detailed list of costs as well as available receipts and invoices supporting those costs.  See ECF Nos. 93-3, 93-4.  Defendants do not object to the reasonableness of these costs.  The Court finds an award of $10,869.34 in costs reasonable.  See, e.g., Houston v. Cotter, 234 F. Supp. 3d 392, 412 (E.D.N.Y. 2017) ("An award of costs . . . is generally limited to . . . items such as photocopying, travel, and telephone costs") (quotation omitted) (quoting Kuzma v. I.R.S., 821 F.2d 930, 933-34 (2d Cir. 1987)); Hanover Ins. Co. v. D'Angelo, No. 13 Civ. 4301 (JMA) (ARL), 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018) ("Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs . . . are generally recoverable.") (quotation & citation omitted), R&R adopted, 2018 WL 2727878 (June 6, 2018); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 369 F.3d 91, 96 (2d Cir. 2004) (legal research compensable if such costs normally billed to clients); Tacuri v. Nithin Constr. Co., No. 14 Civ. 2908 (CBA) (RER), 2015 WL 790060, at *15 (E.D.N.Y. Feb. 24, 2015) ("[I]nterpretation services are a recoverable cost.") (citation omitted) (adopting report & recommendation); Kalloo v. Unlimited Mechanical Co. of N.Y., 977 F. Supp. 2d 209, 214 (E.D.N.Y. 2013) (finding costs of transcripts and depositions reasonable).  As such, the Court awards $10,869.34 in costs to Plaintiff.

### III.   CONCLUSION

The Court grants in part and denies in part Plaintiff's motion for attorneys' fees and costs, awarding Plaintiff $113,225.88 in attorneys' fees and $10,869.34 in costs.  Judgment will be entered separately.

Dated:  Brooklyn, New York
            September 30, 2021

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge