UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDMUNDO CALTENCO,                                    :
                                                     :
                              Plaintiff,             :        **ORDER**
                                                     :
                - against -                          :        16 Civ. 1705 (VMS)
                                                     :
G.H. FOOD INC. d/b/a Natural Garden and              :
GURDIP SINGH,                                        :
                                                     :
                              Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Vera M. Scanlon, United States Magistrate Judge:**

Defendants G.H. Food Inc., doing business as Natural Garden, and Gurdip Singh

(hereinafter "Defendants") move for reconsideration of the Court's attorneys' fees and costs

award.  As discussed below, the motion is denied.

## I.    BACKGROUND

Plaintiff Edmundo Caltenco ("Plaintiff") brought this action against Defendants, alleging

violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL").  See ECF No. 1.  Following a three-day bench trial, the Court concluded that

Defendants had committed multiple FLSA and NYLL violations, including overtime violations

under both laws, as well as minimum-wage, spread-of-hours and wage-statement violations

under the NYLL.  See Caltenco v. G.H. Food Inc., No. 16 Civ. 1705 (VMS), 2019 WL 4784065

(E.D.N.Y. Sept. 30, 2019).  The Court ordered Defendants to pay Plaintiff a damages award of

$7,749.79 plus interest, a figure based in part on unpaid wages and overtime for the year 2015, a

week in 2010, and a week in 2014.  Id. at *12-13, *15.  The Court subsequently entered

judgment in favor of Plaintiff.  See ECF No. 84.

1

Plaintiff filed a notice of appeal of the Court's Decision and Order.  ECF No.

83.  Plaintiff then filed a motion for attorneys' fees and costs, along with Defendants' opposition

brief and Plaintiff's reply brief.  ECF Nos. 90-94.  After consultation with the parties, the Court

administratively closed the motion during the pendency of Plaintiff's appeal.  See Order dated

7/7/2020.  After entry of mandate from the Court of Appeals, see ECF No. 96, the parties

submitted supplemental briefing on the motion for attorneys' fees in 2021.  ECF Nos. 99, 105,

108.  On September 30, 2021, the Court revised Plaintiff's damages award to $7,682.20 plus

interest.  ECF No. 111.  On the same date, the Court granted in part and denied in part Plaintiff's

motion for attorneys' fees and costs, awarding Plaintiff $113,225.88 in attorneys' fees and

$10,869.34 in costs.  ECF No. 112.  Defendants then filed a motion for reconsideration of the

Court's award of attorneys' fees and costs.  ECF No. 115.  Plaintiff opposed.  ECF No. 116.

Defendants replied.  ECF No. 118.  For the reasons that follow, Defendants' motion for

reconsideration is denied.

## II.    RECONSIDERATION STANDARD

Reconsideration should be denied unless a moving party can point to controlling

decisions or data that the Court overlooked—"matters, in other words, that might reasonably be

expected to alter the conclusion reached by the [C]ourt."  Cho v. Blackberry Ltd., 991 F.3d 155,

170 (2d Cir. 2021) (citation omitted); see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995); Local Civ. R. 6.3 ("There shall be served with the notice of motion a memorandum

setting forth concisely the matters or controlling decisions which counsel believes the Court has

overlooked.").  "[A] motion to reconsider should not be granted where the moving party seeks

solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.  "'A party seeking

reconsideration may neither repeat arguments already briefed, considered and decided[,] nor

advance new facts, issues or arguments not previously presented to the Court.'" Ortega v. Uber

Techs. Inc., No. 15 Civ. 7387 (NGG) (JO), 2017 WL 1737636, at *1 (E.D.N.Y. May 2, 2017)

(quoting Schoolcraft v. City of N.Y., 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017)).  A motion for

reconsideration is not a "vehicle for relitigating old issues, presenting the case under new

theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."

Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal

quotations & citation omitted); see SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F.

Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("Courts have repeatedly made clear that the availability

of [a] motion for reconsideration is not an invitation to parties to treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new

theories or adduce new evidence in response to the court's ruling.") (internal quotations &

citations omitted)).  "[A] court must narrowly construe and strictly apply Local Rule 6.3, so as to

avoid duplicative rulings on previously considered issues, and to prevent the rule from being

used as a substitute for appealing a final judgment." Izmirligil v. Whelan, No. 14 Civ. 3309

(SJF), 2015 WL 5024589, at *1 (E.D.N.Y. Aug. 25, 2015) (internal quotations & citation

omitted).

## III.    DISCUSSION

### a.  Reconsideration Is Denied

Defendants argue that this Court should have approved Plaintiff's attorneys' fee award at

an even lower amount because Plaintiff failed to obtain several forms of relief sought in the

Complaint—namely, a judgment declaring that Defendants' practices complained of were

unlawful and in willful violation of the FLSA and NYLL; injunctive relief prohibiting

Defendants from engaging in such unlawful practices; and an order restraining Defendants from

retaliation against Plaintiff for the instant lawsuit.  ECF No. 115-1 at 4-5.  Defendants liken this case to Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132 (2d Cir. 2008), in which the Second Circuit affirmed the District Court's 50% fees reduction because the plaintiff sought a collective action but did not achieve it.  In Barfield, the District Court reduced the plaintiff's attorneys' fee award for multiple reasons: (1) "a 25[%] reduction on almost 400 hours that counsel charged to the case because the vague nature of many of the entries made it impossible to determine whether the number of recorded hours expended in pursuit of this litigation was reasonable;" (2) 5.75 hours billed by counsel was reduced to compensation at $75.00 per hour because those tasks should have been performed by a paralegal; (3) "2.3 hours of travel time by counsel should be compensated at half-rate, in accordance with established court custom;" (4) "4 hours spent on administrative tasks should not be compensated at all;" and (5) the District Court "invoked its authority to adjust the lodestar to reflect a number of factors, including the results obtained."  See id. at 139-40 (internal quotations & citations omitted).

As to the last of the reductions, the Barfield District Court rejected the defendants' request to eliminate all time spent by counsel on the unsuccessful effort to certify an FLSA collective action, finding that the "plaintiff's certification application was inextricably intertwined with her successful motion for summary judgment as both involved a common core of facts and a related legal theory.'"  See id. at 140 (internal quotations & citation omitted).  The District Court invoked its authority to reduce the lodestar because "plaintiff's primary aim in this litigation, as reflected in both the complaint and in the first four months of litigation before this Court, was collective action certification."  Id. (internal quotations & citation omitted).  The District Court concluded that the plaintiff had "achieved only limited success in the litigation as a whole, which justified a 50 percent reduction in the lodestar."  Id. (internal quotations &

citation omitted).  The Second Circuit recently described its affirmance of the lower court in

Barfield as not establishing "a bright-line rule mandating a 50 percent reduction every time

plaintiffs seek but fail to achieve a collective action."  Holick v. Cellular Sales of N.Y., LLC, No.

21-948, --- F.4th ---, 2022 WL 4088001, at *6 (2d Cir. Sept. 7, 2022).  "Rather, the Barfield

panel's affirmance simply stands for the proposition that under the facts of that case, a 50 percent

reduction was 'within [the] range of permissible decisions.'"  Id. (quoting Zervos v. Verizon

N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001)).

       This Court's September 2021 Memorandum and Order took into account Plaintiff's

relative lack of success at both the trial and appellate phases, and the Court made a permissible

determination of an attorneys' fee award based on its discretion and the facts of this case.  ECF

No. 112 at 15-20.  It is now unclear to the Court on what practical basis Defendants believe a

further reduction of Plaintiff's attorneys' fees is warranted.  Defendants themselves take the

position that Plaintiff "did not seek, as part of any judgment, a declaration that Defendants['] pay

practices were unlawful and in willful violation of the FLSA and New York labor laws" and that

Plaintiff "never filed a motion for a TRO, preliminary injunction or permanent injunction against

Defendants and their alleged pay practices."  ECF No. 115-1 at 4-5.  If Plaintiff's counsel did not

bill any significant time, or perhaps any at all, to these activities, then they did not affect the

attorneys' fee award, unlike in Barfield.  See Sanchez v. I&A Rest. Corp, No. 14 Civ. 726 (DF),

2017 WL 2537814, at *6 (S.D.N.Y. May 22, 2017) (declining to reduce fees for the plaintiff's

failure to achieve a collective action because "[u]nlike in Barfield, however, where counsel

devoted four months to a motion seeking certification of a collective action, [p]laintiff here never

filed such a motion" (internal citation omitted)).

Defendants' remaining arguments are (1) that Plaintiff's degree of success was low with regards to quality because Plaintiff sought double liquidated damages in his initial disclosures and because Plaintiff's counsel voluntarily reduced their fees by 25%, and (2) that Plaintiff's degree of success was low with regards to quantity because of the low amount of damages Plaintiff obtained.  As to the double liquidated damages, Plaintiff abandoned his pursuit of double liquidated damages after a ruling by the Second Circuit that such damages were not permitted; this can hardly be said to reflect on Plaintiff's level of success.  See Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).  The Court already considered in evaluating Plaintiff's level of success the amount of damages Plaintiff sought versus what he was awarded, and also considered that Plaintiff's counsel proposed a 25% reduction in their attorneys' fee application. ECF No. 112 at 15-18.  The Court notes that although the total monetary loss Plaintiff suffered was small, it accrued because of more than a year of Defendants' underpaying Plaintiff.  See ECF No. 80 at 18-19.  As Defendants do not identify any controlling law that would alter the conclusions reached by the Court, it will not revisit these arguments here.

Defendants make extensive policy arguments as to why the Court's award of fees and costs does not adequately counter the so-called "Porsche effect."  See ECF No. 115-1 at 9-13; ECF No. 118 at 7-9.  In particular, Defendants argue that the award of fees on a "mediocre" claim disincentivizes settlement, over-awards counsel and disserves plaintiffs.  See ECF No. 115-1 at 9-11.  Defendants' newly expanded arguments at this late stage are misplaced for two reasons.  First, the Court already carefully reviewed Plaintiff's fee application to approve payment of fees for work that contributed to Plaintiff's success, however limited, and considered that 1) Plaintiff voluntarily reduced the possible fee application by over 129 hours and proposed an additional 25% reduction of Plaintiff's attorneys' fees; 2) Plaintiff presented alternative

damages calculations such that Plaintiff's financial success was not as drastically less than what

Plaintiff sought, as Defendants suggest; 3) Plaintiff prevailed on many of his liability theories

covering more than a year of his employment; and 4) the Court reduced Plaintiff's appellate fees

to 10% of what Plaintiff originally sought based on his very limited level of success on appeal.

See ECF No. 112 at 9-10, 15-19.  Defendants have not identified any basis for reductions that the

Court has not considered, and as this Court noted in its September 2021 Memorandum and

Order, Defendants did not argue that specific work performed by Plaintiff's counsel was

unnecessary.  See ECF No. 112 at 116; Sanchez, 2017 WL 2537814, at *6 (applying 15%

reduction to the plaintiff's attorneys' fees application where the plaintiff lost on all his federal

claims and only received approximately 4.3% of the damages sought, but concluding that "the

work required to achieve [the p]laintiff's recovery of unpaid overtime compensation under the

NYLL . . . substantially overlapped with the work needed to prosecute [the p]laintiff's FLSA

claims and the portion of his NYLL overtime claims on which he did not prevail").

Second, contrary to Defendants' suggestion, a defendant in a wage-and-hour case is not

without tactical resources to help manage the risks inherent in a fee-shifting case.  See Lee v.

Mani & Pedi Inc., No. 20 Civ. 10787 (JCM), 2022 WL 3645118, at *10 (S.D.N.Y. Aug. 24,

2022) (the court could decline to award fees where a plaintiff unnecessarily rejects a defendant's

offer of stipulation).  As to the alleged unfairness of a significant grant of attorneys' fees,

Defendants omit consideration of the several tools available to Defendants to have managed their

possible financial exposure, including, inter alia, 1) issuing a Rule 68 offer of judgment, which in

this case, depending on the timing, could have significantly limited Plaintiff's attorneys' fees

recovery; or 2) by stipulation or in the parties' Joint Pretrial Order, acknowledging prior to trial

that Defendants failed to issue wage statements and that Plaintiff's hourly wage for 2015 was not

properly increased when the New York State minimum wage increased, see ECF No. 80 at 18-19

(citing Pl. 7 at D251-303). This 2015 violation was confirmed by the testimony of Defendants'

witness Mr. Rajan Moorjani at trial, see ECF No. 69 at 54:20-55:25, 63:16-67:7; Defs.' Trial Ex.

B, as to his records prepared at Defendants' instruction. Had Defendants made either or both of

these concessions pre-trial, they could have argued that Plaintiff's discovery and trial efforts

could not have been said to have led to any meaningful success and advocated for a reduced

attorneys' fee award. Defendants did not pursue this approach. There are no policy reasons, or

manifest injustice, as to why the Court should reconsider the attorneys' fees and costs award.

In conclusion, as Defendants have failed to identify any material facts or controlling law

overlooked by the Court's Memorandum and Order on attorneys' fees, Defendants' motion for

reconsideration is denied.

### b.  Plaintiff's Request For Additional Attorneys' Fees Is Granted

Plaintiff requests an additional $3,220.00 in attorneys' fees for work performed in

responding to Defendants' motion for reconsideration. ECF No. 116 at 14-15. Plaintiff is only

requesting fees for 10 hours of attorney work out of the 32.80 billable and non-billable hours

spent on defending the fee award. See id.; ECF No. 116-4. Defendants have not opposed

Plaintiff's request for additional attorneys' fees. See generally ECF No. 118. Plaintiff's

unopposed request for $3,220.00 in additional attorneys' fees for work responding to

Defendants' instant motion for reconsideration of the attorneys' fee award is granted. See ECF

No. 116 at 14-15; Reiter v. Metro. Transp. Auth. of State of N.Y., No. 01 Civ. 2762 (GWG),

2007 WL 2775144, at *8 (S.D.N.Y. Sept. 25, 2007) ("It is settled that the time spent on a fee

application is itself compensable." (citing Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183-84

(2d Cir. 1996)) (further citations omitted)); Hines v. City of Albany, 862 F.3d 215, 223 (2d Cir.

2017) (in the civil rights context, holding that prevailing parties are entitled to recover a reasonable fee "related to the defense of a fee award" (citing <u>Weyant v. Okst</u>, 198 F.3d 311, 316 (2d Cir. 1999))); <u>Tran v. Tran</u>, 166 F. Supp. 2d 793, 804 (S.D.N.Y. 2001) (holding that plaintiff's counsel was entitled to fees for time spent responding to the defendant's motion for reconsideration).  Judgment will be entered separately.

Dated:  Brooklyn, New York
       September 28, 2022

*Vera M. Scanlon*
       VERA M. SCANLON
     United States Magistrate Judge
