```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
EDMUNDO CALTENCO,                                      :
                                                       :
                Plaintiff,                             :
                                                       :                ORDER
        -against-                                      :
                                                       :          16 Civ. 1705 (VMS)
                                                       :
G.H. FOOD INC. d/b/a NATURAL                           :
GARDEN and GURDIP SINGH,                               :
                                                       :
                Defendants.                            :
------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

The motion for leave to file an amended notice of appeal filed by Defendants G.H. Food Inc., doing business as Natural Garden, and Gurdip Singh ("Defendants"), see ECF No. 124, is denied. Defendants' motion to seal their unpermitted reply, see ECF No. 129, is granted, with access limited to the Court and case participants. Defendants are to file a redacted copy of the motion and the reply on the public docket by June 20, 2023.

**I.    RELEVANT PROCEDURAL HISTORY**

Following the resolution of the claims of Edmundo Caltenco ("Plaintiff") at trial and an entry of judgment as to liability and damages, see ECF No. 84, on March 13, 2020, Plaintiff filed a motion for attorneys' fees and expenses, see ECF Nos. 90-91, 93, as to which Defendants filed an opposition on March 13, 2020, see ECF No. 92, then Plaintiff filed a reply on March 13, 2020, see ECF No. 94. Plaintiff filed a supplemental motion for attorneys' fees and expenses on January 25, 2021, see ECF No. 99, as to which Defendants filed an opposition on March 3, 2021, see ECF No. 105, then Plaintiff filed a reply on April 16, 2021, see ECF No. 108. On September 30, 2021, the Court entered a Memorandum and Order granting in part and denying in part Plaintiff's motion, as supplemented, for attorneys' fees and expenses (the "Attorneys' Fees

Order"). See ECF No. 112. Judgment on Plaintiff's award of attorneys' fees and costs was entered on September 30, 2021 (the "Attorneys' Fees Judgment"). See ECF No. 113.[1]

Defendants filed a motion for an extension of time, from October 15, 2021 to October 29, 2021, to file a motion for reconsideration of the Attorneys' Fees Order. See ECF No. 114. The Court granted Defendants' motion and specifically instructed that, "[t]o the extent any party wishes to appeal, they should consult the Federal Rules of Appellate Procedure." 10/14/2021 Order.

Defendants filed the contemplated motion for reconsideration (the "Reconsideration Motion"), see ECF No. 115, as to which Plaintiff filed an opposition, see ECF No. 116, then Defendants filed a reply, see ECF No. 118. The Court entered an Order denying Defendants' motion and granting Plaintiff's related request for additional attorneys' fees expended in opposing the motion on September 28, 2022 (the "Reconsideration Order"), see ECF No. 119, judgment as to which was entered on September 29, 2022 (the "Reconsideration Judgment").

Plaintiff filed a motion to correct the name of Defendant Gurdip Singh in the case caption and in both the Attorneys' Fees Judgment and the Reconsideration Judgment pursuant to Federal Rule of Civil Procedure 60(a) on October 19, 2022 (the "Rule 60(a) Motion"). See ECF No. 121. On October 24, 2022, Defendants filed a notice of appeal of the Reconsideration Order and the Reconsideration Judgment. See ECF No. 122. On October 26, 2022, the Court administratively closed Plaintiff's motion, with leave to reopen, in view of the pending appeal (the "Rule 60(a) Order"). See 10/26/2022 Order.

---

[1] The Attorneys' Fees Judgment also encompassed Plaintiff's award of damages, pre-judgment interest, and post-judgment interest, as well as the denial of Defendants' request for sanctions. See id.

On January 31, 2023, Defendants filed a motion for leave to file an amended notice of appeal, seeking to add the following to the reference to the Reconsideration Order in the original notice of appeal: "and any related prior order concerning the award of attorney's fees including but not limited to the [Attorneys' Fees Order]" (the "Appeal Motion").  See ECF No. 124.  Plaintiff opposed the motion.  See ECF No. 125.  Defendants filed an unpermitted reply.  See ECF No. 126.  Plaintiff filed an unpermitted sur-reply.  See ECF No. 127.  Defendants filed an unpermitted response to the sur-reply.  See ECF No. 128.

On February 3, 2023, Defendants filed a motion to either remove their unpermitted reply from the docket or to seal it, as it "inadvertently" disclosed settlement discussions, see ECF No. 129, and filed a proposed substitute, see ECF No. 130.

The Court of Appeals for the Second Circuit, on motion, stayed the deadline for Defendants to file their opening brief until two weeks after this Court rules on the Appeal Motion.  See ECF No. 131.

## II.   DISCUSSION[2]

In accordance with Federal Rule of Appellate Procedure 4(a), to be timely, an amended notice of appeal must be filed either (1) prior to the expiration of the time to file a notice of

---

[2] Plaintiff and Defendants dispute whether the filing of the Reconsideration Motion tolled the time to file a notice of appeal of the Attorneys' Fees Order until entry of the Reconsideration Order.  See ECF No. 125 at 2; ECF No. 126 at 2; ECF No. 127 at 1-2; ECF No. 128 at 1-2.  The Court does not decide whether Defendants' appellate rights as to the Attorneys' Fees Order were timely preserved (1) from the issuance of the Attorneys' Fees Order (2) to the filing of the Reconsideration Motion, issuance of the Reconsideration Order, and entry of the Reconsideration Judgment (3) to the filing of the Rule 60(a) Motion and issuance of the Rule 60(a) Order.  The Court need not do so in order to resolve the Appeal Motion and declines to do so because the task of deciding the timeliness of an appeal is within the province of the Second Circuit.  For purposes of this Order only, the Court assumes arguendo that the issuance of the Rule 60(a) Order reset Defendants' time to appeal the Attorneys' Fees Order, per Federal Rule of Appellate Procedure 4(a)(4)(A).

appeal or (2) as permitted in relation to a motion for an extension of time to file a notice of appeal. See Gusler v. City of Long Beach, 700 F.3d 646, 650 (2d Cir. 2012) (reasoning that "the notice fails to meet the basic requirement of informing the court and the opposition of who is taking the appeal" and that "the amended notice of appeal does not fix the problem" because it "was filed after the time to appeal had run" pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) and because the "[d]efendants did not seek an extension of time to amend and correct the notice of appeal" in accordance with Federal Rule of Appellate Procedure 4(a)(5) and "the time to do so has long since passed" pursuant to Federal Rule of Appellate Procedure 4(a)(5)(C)).

As explained below, because the Appeal Motion was not filed in accordance with either timeframe, it is denied.

### A. Defendants Did Not File The Appeal Motion Prior To The Expiration Of The Time to Appeal The Attorneys' Fees Order.

Defendants' motion seeking leave to file an amended notice of appeal was not filed prior to the expiration of the time to appeal the Attorneys' Fees Order.

Generally, in a civil case, a party must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. Rule App. Pro. 4(a)(1)(A). Certain motions, such as those filed pursuant to Federal Rule of Civil Procedure 60(a), however, alter the time within which a party may file a notice of appeal. Federal Rule of Appellate Procedure 4(a)(4)(A) provides that,

> [i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

4

See also Dudley ex rel. Estate of Patton v. Penn-America Ins. Co., 313 F.3d 662, 666 (2d Cir. 2002) (stating that a timely motion brought pursuant to Federal Rule of Civil Procedure 60(a) "that also meets applicable time constraints of Rule 4 resets the time to file a notice of appeal to run from the entry of the order disposing of the motion," in view of "[t]he clear and plain language of the rule" and the lack of "distinction between Rule 60(a) and Rule 60(b) motions" (citation omitted)).[3]

The Reconsideration Judgment was entered on September 29, 2022. See ECF No. 120. Plaintiff filed the Rule 60(a) Motion on October 19, 2022, which was within twenty-eight days of entry of the Reconsideration Judgment. See ECF No. 121. The Court disposed of the Rule 60(a) Motion via the Rule 60(a) Order on October 26, 2022. See 10/26/2022 Order. At best, under Federal Rule of Appellate Procedure 4(a)(1)(A), Defendants' time to appeal the Attorneys' Fees Order began on October 26, 2022, and it expired on November 28, 2022.[4] Defendants filed the Appeal Motion on January 31, 2023. See ECF No. 124. The Appeal Motion is therefore untimely under Federal Rule of Appellate Procedure 4(a)(1)(A).

---

[3] Plaintiff's statement to the contrary, quoting Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 156 (2d Cir. 2001), namely that, "[o]f course, a motion under Rule 60(a) does not start anew the time for filing a notice of appeal," is inapposite. ECF No. 121 at 2. In Dudley, to "reconcile the plain and clear language of Fed. R.[ ] App. P. 4(a)(4)(A)(vi) with our statement in Hodge that a motion under Rule 60(a) does not start anew the time for filing a notice of appeal," the Second Circuit held that "Hodge was a case about the effect of a Rule 60(a) motion on the timeliness of postjudgment motions, not notices of appeal," and that "the cases Hodge cited in support of its broad statement about the effect of a Rule 60(a) motion on the time for filing a notice of appeal concerned situations that did not conflict with the plain language of Fed. R.[ ]App. P. 4(a)(4)(A)(vi)." Dudley, 313 F.3d at 666 (citation & quotations omitted).

[4] Defendants' time to appeal the Attorneys' Fees Order would have expired on November 25, 2022, which is thirty days from October 26, 2022, but the United States District Court for the Eastern District of New York was closed on November 25, 2022, such that Defendants' time to appeal the Attorneys' Fees Order expired on November 28, 2022.

5

### B. Defendants Did Not Timely Request An Extension Of Time To File Their Amended Notice of Appeal.

Although the Appeal Motion could be construed as a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), Defendants did not timely request an extension of time to file their amended notice of appeal so they cannot now file the amended notice at this late date.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that

> [t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The Appeal Motion was filed on January 31, 2023, see ECF No. 124, more than two months beyond the November 28, 2022 expiration of the time to appeal the Reconsideration Judgment and, by extension, the assumed expiration of the time to appeal the Attorneys' Fees Order. See, infra, Sec. I(a). The Appeal Motion was also filed more than thirty days beyond the thirty-day period prescribed in Federal Rule of Appellate Procedure 4(a)(5), precluding the Court from granting relief pursuant thereto. Additionally, Defendants have not offered a showing of excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii).

6

### III. CONCLUSION

Defendants' motion for leave to file an amended notice of appeal or motion to extend the time to file an amended notice of appeal, see ECF No. 124, is denied. The Court does not take a position on the scope of the appeal, as set forth in the notice of appeal. See ECF No. 122.

Defendants' unopposed motion to either remove their unpermitted reply from the docket or to seal it, in view of the information discussed during settlement discussions contained therein, see ECF No. 129, is granted. The Court has restricted access to ECF No. 126 to the Court and the parties. Defendants are to file a redacted copy of the motion and the reply on the public docket by June 20, 2023.

Dated: Brooklyn, New York
       June 13, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge