# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 3, 2024

<u>**VIA ECF**</u>
Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Caltenco v. G.H. Food Inc., d/b/a Natural Garden** *et al.*
> **Docket No. 16-cv-1705(LDH)(VMS)**
> <u>**MLLG File No.:167-2016**</u>

Dear Judge Scanlon:

This firm represents Defendants, G.H. Food Inc. d/b/a Natural Garden and Gurdip Singh (collectively "Defendants") in the above referenced action. As per the Court's May 30, 2024 directive, this letter addresses (i) scheduling of a settlement conference and (ii) whether Defendants consent to Plaintiff's motion (ECF No. 121).

   *i.*   *Settlement Conference*

The parties are both amenable to attend a remote settlement conference on June 26, 2024, at 11:00 A.M. In light of the pending settlement conference, both parties respectfully request an adjournment of the current briefing schedule.

   *ii.*   *Defendants do not consent to Plaintiff's Motion To Amend the Caption*

Defendants do not consent to Plaintiff's motion (ECF No. 121) and respectfully request leave of the Court to fully brief their opposition.

Plaintiff incorrectly categorizes his motion as one made pursuant to Fed. R. Civ. P. 60(a). While Rule 60(a) permits the court to grant permission to amend a misidentified party, a "plaintiff's request seeking that permission is appropriately construed as a motion to amend the erroneous pleading pursuant to Fed. R. Civ. P. 15 ('Rule 15'), rather than as a motion pursuant to Rule 60." <u>United States v. Edwards</u>, 241 F.R.D. 146, 148 (E.D.N.Y. 2007); <u>Sullivan v. Gelb</u>, No. 1:23-cv-5194-GHW, 2023 U.S. Dist. LEXIS 210764, at *10 (S.D.N.Y. Nov. 27, 2023).

 In <u>Edwards</u>, the plaintiff moved to amend the caption with the garnishee's consent. <u>Edwards</u>, 241 F.R.D. at 147. The <u>Edwards</u> court noted that Rule 60(a) provides that a judgment, order, or other part of the record may be corrected. Relying on the "established canon of *ejusdem*

cc:    Counsel for Plaintiff – VIA ECF.

*generis*,[1] the Court evaluated the types of documents proceeding "other part[s] of the record." Judgments and orders are documents "issued by the Court, and not to documents submitted by a party." Id. In addition, the court noted Second Circuit authority holds "that Rule 60(a) provides a method by which to correct **judicial** oversight rather than one by which to correct similar errors committed by a party." Id. (emphasis added) (citing Dudley ex rel. Estate of Patton v. Penn America Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002).

In addition, Rule 60(a) "permits a court to conform an order to the contemporaneous intent of the court, but not to reflect a new and subsequent intent of the court." In re Old Carco LLC, 621 B.R. 303, 311 (Bankr. S.D.N.Y. 2020) (internal quotations omitted) (citing In re Marc Rich & Co. A.G., 739 F.2d 834, 837 (2d Cir. 1984). In determining whether a correction reflects a contemporaneous or subsequent intent of the court, "[t]he relevant distinction is between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not." In re Old Carco LLC, 621 B.R. 303, 311 (Bankr. S.D.N.Y. 2020) (internal quotations omitted) (citing In re Marc Rich & Co. A.G., 739 F.2d at 837.

In the instant case, Plaintiff does not contest that the present oversight was not due to a judicial omission or error. Rather, the omission was the result of the Plaintiff's failure to amend the caption despite knowing it was inaccurate. In fact, on March 27, 2017, Plaintiff took the deposition of Gurdip Singh. At the beginning of Plaintiff's deposition of Gurdip Singh, Mr. Singh stated his full name was Gurdip Singh Randhawa. See Exhibit A. Moreover, every page of the deposition is labeled "Gurdip Singh Randhawa 30(b)(6)." See Exhibit A. However, Plaintiff represents that he discovered that Gurdip Singh's full name at trial held in September of 2018. (ECF Doc. 121). Plaintiff's assertion is inaccurate. Plaintiff's representation to the Court that he did not discover Mr. Singh's full name despite knowing it for nearly one-and-a-half years[2] prior to trial lacks credibility, approaches misrepresentation, and demonstrates inexcusable neglect. In addition, Judgment was entered on October 30, 2019. Plaintiff waited until October 19, 2022 to make a motion to correct the caption. At the time of the Court's decision, its intent was to enter judgment against Gurdip Singh. No part of the caption resulted from a judicial error. Accordingly, Plaintiff's motion is not proper under Rule 60(a).

Assuming arguendo that Plaintiff's motion is made pursuant to Rule 60(a), Plaintiff's motion to amend the caption and judgment falls short. Pursuant to Rule 60(a), a party seeking to amend a caption or judgment, "must persuade the court that they properly identified the correct persons in the first instance and simply mislabeled them." Sermuks v. Orion Caterers, Inc., No. 15 CV 6461 (RJD)(RML), 2017 U.S. Dist. LEXIS 179568, at *9 (E.D.N.Y. November 28, 2017) citing Robinson v. Sanctuary Music, 383 F. App'x 54, 57 (2d Cir. 2010). In addition to presenting properly authenticated evidence, the moving party must "explain how or why they arrived at the conclusion that the original spelling in the case caption and judgment were inaccurate." Id. at *8-

---

[1] As explained in Edwards, "*[e]jusdem generis* 'is a rule of statutory construction that provides that when the general worlds follow the enumeration of particular classes, the general words should be construed as applying only to things of the same general class as those enumerated.'" Edwards, 241 F.R.D. at n.3 (quoting Samuels, Kramer & Co. v. C.I.R., 930 F.2d 975, 980 n. 2 (2d Cir. 1991)).

[2] Precisely, that is one year, five months, and 29 days or five-hundred and forty-seven (547) days.

9. In <u>Semurks</u>, the plaintiffs simply stated that he "discovered that the spelling[s] of the aforementioned individual [d]efendants are Eugene Straschnow and Tsila Polevetsky" rather than Eugene Straschlow and Tsilya Poveletskiy. <u>Id.</u>  The court held that the plaintiffs "skipped an important step by failing to explain how or why they arrived at the conclusion that the original spelling in the case caption and judgment were inaccurate. <u>Id.</u> at 9 Here, Caltenco's  cited cases also establish that the moving party bears the burden of persuading the Court. <u>See</u> <u>Jimenez v. G&J'S Pizzeria LLC</u>, 2022 U.S. Dist. LEXIS 155339, at *4 (S.D.N.Y. Aug. 29, 2022) ("The plaintiff bears the burden of showing that he or she properly identified the correct persons in the first instance and simply mislabeled them."); <u>Rosario v. Fresh Smoothies LLC</u>, No. 20-cv-5831 (LJL), 2022 U.S. Dist. LEXIS 139593, at *3 (S.D.N.Y. Aug. 1, 2022) (finding that plaintiff "met her burden to show that she mislabeled the correct defendant.").  Here, Plaintiff makes the same assertions that the <u>Semurk</u> court rejected.

Furthermore, this motion is not properly before the Court. Pursuant to Rule 60(a), "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

Finally, Plaintiff is not entitled to an order *nunc pro tunc*. Such an order "refers to a court's inherent power refers to a court's inherent power to enter an order having retroactive effect." <u>Ashton al. v. Al Qaeda Islamic Army</u> (In re Terrorist Attacks on Sept. 11, 2001), 03-MD-01570 (GBD)(SN), (S.D.N.Y. Jun. 24, 2022). *Nunc pro tunc* orders are a "far-reaching equitable remedy applied in certain exceptional cases, typically aimed at rectifying any injustice to the parties suffered by them on account of judicial delay." <u>Id.</u> (quoting *Iouri* v. Ashcroft, 487 F.3d 76, 87 (2d Cir. 2006)).

In his instant motion Plaintiff requests the Court to excuse his own neglect in misnaming the defendant even though he knew of his own mistake for nealy seven (7) years now. The judgment was issued on October 30, 2019. <u>See</u> <u>ECF No. 85.</u> Plaintiff did not move to correct his mistake until October 22, 2022. Defendant respectfully submits that the Court should not reward such prejudicial and inexcusable neglect that undermines the finality of judgments.

Accordingly, Defendants respectfully request that the Court either deny the motion or request leave of the Court to fully brief their opposition to Plaintiff's motion (ECF No. 121).

Dated: Lake Success, New York
       June 3, 2024

Respectfully submitted,
/s/ *Joseph M. Labuda*